U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

**SEALED**

2012 MAR 27 P 1:29

JON A. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 12-CR- **12 - CR 67**
[18 U.S.C. § 1343; 18 U.S.C. § 1621(2);
18 U.S.C. § 1001(a)(2); 42 U.S.C. § 408(a)(4);
26 U.S.C. § 7201]

LAWRENCE J. POPP,

Defendant.

## INDICTMENT

**THE GRAND JURY CHARGES:**

### Allegations Common To All Counts

1. From on or about January 1, 2004, through on or about July 1, 2011, in the State and Eastern District of Wisconsin,

**LAWRENCE J. POPP**

knowingly devised a scheme to defraud the Social Security Administration and the Department of Health and Human Services, and to obtain money by means of materially false and fraudulent pretenses and representations.

2. The essence of the defendant's scheme to defraud was to obtain Disability Insurance Benefits under Title II of the Social Security Act (42 U.S.C. § 401 *et seq.*) by means of false statements and representations of material fact regarding his work status and ability to work. The defendant knowingly made those false statements and representations

in forms used to determine his eligibility and continuing eligibility for such benefits, and by failing to notify the Social Security Administration that he was able to engage in substantial gainful activity.

## Title II Disability Benefit Program

3. At all times relevant to this indictment:

a. Disability Insurance Benefits ("DIB") were government benefits administered by the Social Security Administration ("SSA"), an agency of the United States as defined in Title 18, United States Code, Section 6.

b. To be entitled to DIB, one must have been unable to engage in any substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment which was expected to result in death or which had lasted or was expected to have lasted for a continuous period of not less than twelve months.

c. In 2004, the first year in which the defendant received DIB, a person who was earning more than $1,350 per month was considered to be engaging in SGA and, therefore, was ineligible to receive DIB.

d. In 2009, the last year in which the defendant received DIB, a person who was earning more than $1,640 per month was considered to be engaging in SGA and, therefore, was ineligible to receive DIB.

e. Entitlement to DIB made an individual's spouse and children eligible to receive auxiliary benefits.

f. Entitlement to DIB made an individual eligible for Medicare twenty-

four (24) months after DIB payments began.

   g. Entitlement to DIB was established based on the filing of an application for those benefits. Entitlement and the right to any payment ended in the third month after an individual engaged in SGA.

   h. An individual receiving DIB had a duty to notify the SSA of the occurrence of any event affecting his initial or continued right to receive DIB payments.

## The Defendant's Title II Application

4. The defendant first applied for DIB benefits on or about January 9, 2004. As part of the application process, the defendant completed Form SSA-3368-BK and represented that he was disabled due to Optic Ischemic Neuritis and Optic Neuritis, and had been so disabled since October 1, 2003. He further represented that he had attempted, but was unable, to work.

5. On or about January 9, 2004, the defendant signed Form SG-SSA-16 in which he agreed to notify the SSA if his "medical condition improves so that I would be able to work, even though I have not returned to work." The defendant further agreed to notify the SSA if "I go to work whether as an employee or a self-employed person."

6. On or about February 9, 2004, the SSA determined that the defendant qualified for DIB and, on or about September 8, 2004, the defendant began to receive DIB payments and auxiliary payments on behalf of his wife and two minor children.

7. Based on his receipt of DIB payments, on or about January 1, 2006, the defendant became eligible to receive Medicare benefits.

-3-

## The Scheme

8. As a part of his scheme to defraud the SSA, the defendant, from at least January 2004 to approximately June 2009, knowingly failed to disclose material information affecting his eligibility for DIB payments, including the following:

   a. that his medical condition had improved such that he was able to work;

   b. that he had gone to work as an employee and/or self-employed person;

   c. that he was shifting income from Refrigerated Equipment Distributors Co. ("REDCO") to Commercial Sales Agency ("CSA"), businesses that he owned and controlled, to avoid having REDCO's income flow through to his personal tax returns thereby concealing that he was performing SGA above the allowable limit;

   d. that he was concealing his income by reducing his monthly automatic payroll deposits below the SGA limit while at the same time withdrawing significant funds from the businesses to maintain a substantially similar monthly cash flow;

   e. that he was further reducing his income below the SGA limit by having REDCO and CSA expense personal items such as an athletic club membership for himself, his wife's personal vehicle, and a family vacation; and

-4-

    f.  that he could see well enough to drive, among other vehicles, his car and his snowmobile.

  9. As a further part of the scheme, during a September 24, 2008 disability review interview, the defendant falsely stated that he had been unable to drive since becoming disabled in October of 2003.

  10. As a further part of the scheme, the defendant failed to report to the SSA that, on or about November 4, 2008, he renewed his Wisconsin driver's license.

  11. As a result of the scheme, the defendant obtained approximately $175,000 in DIB and auxiliary payments for himself, his spouse, and his two minor children.

  12. As a further result of the scheme, the defendant obtained approximately $115,000 in Medicare benefits for himself.

  13. As a further result of the scheme, the defendant has, at all times since September 2004, received DIB either in a greater amount than he was due or when no benefit would have been authorized.

## COUNTS ONE THOUGH THREE

**THE GRAND JURY FURTHER CHARGES:**

14. On or about the dates listed below, in the State and Eastern District of Wisconsin, and elsewhere,

**LAWRENCE J. POPP,**

for the purpose of executing the scheme described above and attempting to do so, caused to be transmitted in interstate commerce wire communications that originated from the Social Security Administration in Baltimore, Maryland, and represented DIB payments that were deposited into his Wisconsin bank account (account no. ending in 274), each transmission constituting a separate count:

| Count | Date | Wire Trace No. | DIB payment |
|---|---|---|---|
| ONE | June 13, 2007 | No. Ending in 5320 | $1,931.00 |
| TWO | December 10, 2008 | No. Ending in 6398 | $1,987.00 |
| THREE | January 14, 2009 | No. Ending in 8216 | $2,108.00 |

All in violation of Title 18, United States Code, Section 1343.

Case 2:12-cr-00067-RTR   Filed 03/27/12   Page 6 of 13   Document 1

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES:**

15. On or about September 24, 2008, in the State and Eastern District of Wisconsin,

**LAWRENCE J. POPP,**

while under penalty of perjury as permitted under Section 1746 of Title 28, United States Code, and in response to Question 2 (B.) of a Social Security Administration Disability Report (Form SSA-3368-BK), willfully and knowingly subscribed as true a material matter that he knew to be false, to wit, that his blindness limited his monthly income to $1,325.

All in violation of Title 18, United States Code, Section 1621(2).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES:**

16. On or about September 24, 2008, in the State and Eastern District of Wisconsin,

**LAWRENCE J. POPP,**

in a matter within the jurisdiction of the Social Security Administration, a department of the executive branch of the United States, knowingly and willfully made a material false statement to claims representative M.S., to wit, that he could not drive a car because of his blindness.

All in violation of Title 18, United States Code, Section 1001(a)(2).

-8-

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES:**

17. On or about November 4, 2008, in the State and Eastern District of Wisconsin,

**LAWRENCE J. POPP,**

having knowledge of the occurrence of an event affecting his continued right to the receipt of Social Security Disability Insurance payments, to wit, the renewal of his Wisconsin driver's license, concealed and failed to disclose such event with the fraudulent intent to secure payments when no such payments would have been authorized.

All in violation of Title 42, United States Code, Section 408(a)(4).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES:**

18. On or about May 22, 2006, in the State and Eastern District of Wisconsin,

**LAWRENCE J. POPP**

did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2005, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service. In that false income tax return, he stated that his taxable income for the calendar year 2005 was the sum of $118,400, and that the amount of tax due and owing thereon was the sum of $15,246.

19. In fact, as he then and there knew, his taxable income for the calendar year 2005 was the sum of $378,156 upon which there was owing to the United States of America an additional income tax of $58,520.

All in violation of Title 26, United States Code, Section 7201.

-10-

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES:**

20. On or about June 28, 2008, in the State and Eastern District of Wisconsin,

**LAWRENCE J. POPP**

did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2007, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service. In that false income tax return, he stated that his taxable income for the calendar year 2007 was the sum of $38,128, and that the amount of tax due and owing thereon was the sum of $578.

21. In fact, as he then and there knew, his taxable income for the calendar year 2007 was the sum of $219,718, upon which there was owing to the United States of America an additional income tax of $43,008.

All in violation of Title 26, United States Code, Section 7201.

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES:**

22. On or about June 30, 2008, in the State and Eastern District of Wisconsin,

**LAWRENCE J. POPP**

did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2006, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service. In that false income tax return, he stated that his taxable income for the calendar year 2006 was the sum of $67,711, and that the amount of tax due and owing thereon was the sum of $2,442.

23. In fact, as he then and there knew, his taxable income for the calendar year 2006 was the sum of $396,009, upon which there was owing to the United States of America an additional income tax of $76,308.

All in violation of Title 26, United States Code, Section 7201.

## Forfeiture Notice

24. Upon conviction of the wire fraud offenses, in violation of Title 18, United States Code, Section 1343, set forth in counts one through three of this indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses set forth in counts one through three, including but not limited to the following:

   a. A sum of money in the approximate amount of $290,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in counts one through three.

25. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

Dated: 3/27/12

_____
JAMES L. SANTELLE
United States Attorney

-13-