# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                                                                 Case No. 12-CR-67

**LAWRENCE J. POPP,**

    Defendant.

## ORDER DESIGNATING CASE AS COMPLEX AND
## GRANTING CONTINUANCE UNDER SPEEDY TRIAL ACT

On March 27, 2012 a grand jury in this district returned a nine count indictment against the defendant. The indictment covers a period of time from approximately January 1, 2004 through July 1, 2011. Counts One through Three of the indictment allege the defendant, for the purpose of executing a scheme to defraud the Social Security Administration ("SSA"), caused to be transmitted in interstate commerce wire communications that originated from the SSA and represented Disability Insurance Benefits payments that were deposited into his Wisconsin bank account, in violation of 18 U.S.C. § 1343. Count Four of the indictment alleges the defendant willfully and knowingly subscribed as true a material matter that he knew to be false, in violation of 18 U.S.C. § 1621(2).

Count Five of the indictment alleges the defendant knowingly and willfully made a material false statement to a claims representative, in violation of 18 U.S.C. § 1001(a)(2). Count Six of the indictment alleges the defendant concealed and failed to disclose the renewal of his Wisconsin driver's license with the fraudulent intent to secure Social Security Disability Insurance payments when no such payments would have been authorized, in violation of 42

U.S.C. § 408(a)(4).

Counts Seven, Eight, and Nine of the indictment allege the defendant willfully attempted to evade and defeat a large part of the income tax due and owing by him to the United States for 2005, 2006, and 2007 by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, in violation of 26 U.S.C. § 7201.

On May 15, 2012, the defendant requested an order designating the case as complex and for a continuance of the speedy trial deadline. (Docket # 7.) The defendant states in his motion that discovery was received from the government on May 14, 2012, including approximately two thousand pages of electronically stored information. Defense counsel had previously obtained three banker's boxes of medical, tax and investigative records from predecessor counsel earlier this spring. (Docket # 7-1.) Counsel also states in his motion that he spoke to the defendant about these issues and the Speedy Trial Act and the defendant is willing and does waive his right to a speedy trial, to allow his legal counsel adequate time to review discovery and prepare any necessary motions. (*Id.*)

On May 16, 2012, a hearing on the defendant's motion was held. The government concurred with the defendant's request to designate the case as complex. In support of this request, the government pointed to the extensive discovery, which, in addition to the discovery previously provided, includes an additional three to four disks of surveillance that have yet to be produced, as well as boxes containing a few thousand pages of documents available for the defendant to review at the government's office.

Further, the parties agree this case presents complicated legal issues and the defense states he will need to consult with medical and tax experts.

Based on the information provided in the defendant's motion and on the record at the May 16, 2012 hearing, the Court finds that based on the extensive discovery and the complexity of the legal issues presented, it is appropriate to grant this motion and designate the case as complex. Additionally, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii), the Court finds based on the complexity of this case and on the volume of discovery, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits set by the Speedy Trial Act. The Court finds that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by taking this action outweigh the best interest of the public and the defendant in a speedy trial.

Additionally, because the defendant needs time to review the extensive discovery, the time between today's hearing and October 1, 2012, the date for filing pretrial motions, is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

**NOW, THEREFORE IT IS ORDERED** that the defendant's request to designate the case as complex and for a continuance of the time limits set forth in 18 U.S.C. § 3161(c)(1) is hereby **GRANTED**.

**FURTHER, IT IS ORDERED** that the time between May 16, 2012 and October 1, 2012 is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

**FURTHER, IT IS ORDERED** that the Court sets the following briefing schedule for pretrial motions:

1. Any motions shall be filed by **October 1, 2012**. Any responses shall be filed by **October 22, 2012**. Any replies shall be filed by **October 31, 2012**.

2. Any motion with a request for an evidentiary hearing should provide proposed

dates.

Dated at Milwaukee, Wisconsin this 16th day of May, 2012.

BY THE COURT

 s/Nancy Joseph
NANCY JOSEPH
United States Magistrate Judge