## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

## SENTENCING MINUTES

| | |
|---|---|
| HON. **Rudolph T. Randa**, presiding. | Deputy Clerk: **Linda M. Zik** |
| DATE: **January 21, 2014  1:30 p.m.** | Court Reporter: **Heidi Trapp** |
| CASE NO. **12-Cr-67** | Time Called:  1:37 p.m. |
| UNITED STATES of AMERICA v. **Lawrence Joseph Popp** | |
| | Time Concluded:  2:50 p.m. |
| UNITED STATES by: **Gordon P. Giampietro** | |
| PROBATION OFFICER: **Daniel E. Dragolovich** | |
| INTERPRETER: | |
| DEFENDANT: **Lawrence Joseph Popp**, in person, and by | |
| ATTORNEY: **Raymond M. Dall'Osto** | |

Custody Bureau of Prisons     12 months and 1-day     on Counts   1 & 9 of the Indictment

Terms to run concurrently for a total term of 12 months and 1-day Imprisonment.

Counts 2-8 dismissed on government's motion.

Recommended Institution:   a medical facility or facility close to home like FCI-Oxford (Camp)

Supervised Release     1    year on Counts    1 & 9

Terms to run concurrently for a total term of 1 year Supervised Release.

Special Conditions

|   |   |   |   |
|---|---|---|---|
|     | Community Correctional Center for _____ |  X  | Restitution due immediately |
|  X  | Report in 72 hours |  X  | Financial disclosure |
|  X  | No firearms |  X  | No new credit charges |
|  X  | Drug & alcohol testing waived |  X  | No alcohol |
|  X  | Not illegally possess any controlled substance |  X  | Cooperate with IRS |
|  X  | Cooperate with Child Support Enforcement |  X  | Not sell $500 asset |
|     | Provide DNA – already provided | | |

Sentencing Minutes Continued

Defendant: **Lawrence Joseph Popp**
Case No.: **12-Cr-67**

Fine:

    Interest waived

                            __X__ Participate in BOP Inmate Financial Responsibility Program

Restitution: **$226,535.00 – Interest is waived. The proceeds from the sale of the defendant's seized assets, that are in possession of the Clerk of Court, shall be applied to the defendant's restitution by the Clerk of Court.**

Payee:        **SSA - $174,670.00 – not more than this amount**
                  **IRS -  $ 51,865.00**

Forfeiture:

       Defendant remanded to custody of U.S. Marshal

__X__ **Execution of sentence stayed until  12:00 p.m. on March 4, 2014**

__X__ **Voluntary surrender to institution**

__X__ **Defendant advised of right to appeal by court**

       Court orders copy of transcript to accompany presentence report

Special Assessment:

       $200.00

Other:

Court has the PSR, the defendant's and government's sentencing memorandums, letters of recommendation, the addendum to the PSR, and the video tape submitted by the government. Court signed the Order to Seal as to medical records (Doc. 25).

No additional objections by the parties to the factual statements in the PSR.

Sentencing Minutes Continued

Defendant: **Lawrence Joseph Popp**
Case No.: **12-Cr-67**

Objection by defendant as to paragraphs 45-48 on page 11 as to acceptance of responsibility points addressed.

Nothing further to add by the government.

Defense counsel's comments.

Court states it read the submissions including *U.S. v Vucko* (7th Cir. 2007) as to commonality. These 2 offenses are not common; they are treated as separate and distinct.

Government states that as to acceptance of responsibility, the defendant's comments to the PSR author were half-hearted responsibility.

Defense counsel addresses acceptance of responsibility. All information has been submitted. The defendant has accepted responsibility sufficiently. It would be error not to apply the points. The defendant signed the tax return and plead guilty to it. As to the Social Security Disability fraud the defendant entered a plea and did not point fingers at his accountant. Grant the 3 points.

Court states the PSR reflects acceptance of responsibility credit. Paragraph 50 grants the points. Paragraph 31 states what the defendant told the PSR author. He plead guilty and offered restitution. There is not enough to deny the points discussed in paragraph 50. The PSR stands.

Government, consistent with its sentencing memorandum, asks the Court to impose 24 months incarceration as reasonable based upon the seriousness of the offense and the history and characteristics of the defendant. It involved a significant amount of money. The defendant could return at a high level. He traveled for international business purposes. He did not apprise social security that he was back to work at a high level. Incarceration needs to reflect the seriousness of the offense. Government addresses the DVD submitted which contains 3 videos (Exh. A to Doc. 23). The defendant was untruthful during his Social Security interview. He also said he had not worked at all. All but for a short period of time, he was working regularly. He also embellished that he could not read a video screen but he is seen reviewing his smartphone. As to the history of the defendant, he built successful businesses and is a good father. As to the medical claim, post-plea, in May 2013, he had no trouble loading his truck to go to the cottage and then drive a ski boat at the cottage. He can sustain incarceration.

Sentencing Minutes Continued

Defendant:  **Lawrence Joseph Popp**
Case No.:   **12-Cr-67**

Defense counsel argues that a sentence of Probation is appropriate pursuant to the § 3553 factors.  As to the guidelines, it is a low-trigger amount as to loss to put someone in a prison category.  It is better on the outside to get medical treatment.  This is a tax case as well as overpayment of social security disability income.  He relied on his tax accountant to get him into the 419 program.  But, he takes responsibility for it.  He is also liable for overpayments.  SSDI is partially means based.  He did qualify initially.  Mr. Popp's eye condition changes and his vision changes based upon his neuropathy.  The BOP medical director says the BOP can attempt to assist Mr. Popp.  He may not go to a BOP medical facility despite the Court's recommendation.  Social Security (POMS) says defendants usually get probation with restitution ordered.  Cost of incarceration addressed.  Impose Probation which would not unduly appreciate the crime.  Sanctions could be to continue counseling, community service, or vocational rehabilitation.  The Social Security perspective (POMS) is to punish, which he is, by being charged.  This case has been in the newspapers which is embarrassing to him.  He ran afoul of the social security reporting requirements.  The purpose is to try to make the government whole.  Prison is counter-productive to this.  He is on a narcotic regimen including the blood thinner Warfarin.  Gold and silver assets have been seized from the defendant.  He did not contest this and consented to an orderly liquidation of them.  The Clerk of Court has these proceeds which will make social security whole and then some to the IRS.  These were funds he obtained through his work efforts.  He has accepted responsibility.  Probation would afford adequate deterrence and deter from further crimes of the defendant.  He has means to provide for his medical needs.  If the Court determines a loss of some freedom is appropriate, he could serve some months at a residential reentry facility.  Do not impose 24 months incarceration.  Impose no more than 1-year and 1-day.  Recommend Oxford or Rochester.

Court notes Dr. Taxman's letter states the defendant is a complex patient.

Defendant's right of allocution.

Court addresses § 3553(a):
OL = 16, CHC = I, 21-27 months.
(1) Nature of offense: they are serious offenses; Social Security fraud; government says 11 million people receive this type of assistance; it is a great burden on those who pay into the system; the system is based upon self-reporting.  Income tax evasion also; they were fairly sophisticated offenses done over a period of years; the defendant's vision did not deteriorate to the point where he should be collecting; they were crimes of commission, not omission;
(2) History of defendant: has substantially led a pro-social lifestyle; no criminal record; peers are not negative; use of marijuana; had a significant divorce; has depression/anxiety; attitude is not completely negative overall; family is a plus; substance abuse is a plus except for self-medicating for pain management; work history is superlative; letters in support says he has been a loving father and a devoted friend; is $11,000 in child support arrears;
(3) The seriousness of the offense is a central aspect of this disposition; respect for the law also considered; needs of the defendant considered; cost of incarceration is not considered by the Court; Social Security aspect (POMS) considered; incarceration is necessary; 12 months and 1-day imposed; medical facility recommendation.

Sentencing Minutes Continued

Defendant: **Lawrence Joseph Popp**
Case No.: **12-Cr-67**

**As to Restitution:**

Government rests on its submission. The Social Security Administration is owed $174,670.00. This amount is less than what is listed in the PSR because a check was returned.

Defense counsel states the amount to the IRS is $51,865.00. Where it is to be paid is to be worked out after today's hearing. As to Social Security, counsel addresses the trial work period. Let the Social Security Administration decide administratively if there are offsets, otherwise set it at no more than $174,670.00.

Court states the government is correct.

Government says it has no objection that it be stated that the Social Security Administration is owed "no more than" $174,670.00.

Defense counsel asks the Court to recommend FCI – Oxford (Camp). Court will do this.